[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10863
Non-Argument Calendar
_____

D.C. Docket No. 6:14-cv-01139-GKS-KRS


THOMAS MCCRODEN,

                                              Plaintiff - Appellee,

versus


JOEL V. BRESSETT,
DENNIS D. PAINTER,

                                              Defendants - Appellants.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 1, 2016)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Defendants-Appellants Joel Bressett and Dennis Painter (the Officers) appeal the district court's denial of their joint motion for summary judgment on the basis of qualified immunity under federal law and individual statutory immunity under section 768.28(9) of the Florida Statutes. This case involves the Officers' use of an "arm-bar takedown" maneuver on Plaintiff-Appellee Thomas McCroden, resulting in the dislocation and fracture of his left hip.

We have jurisdiction to review the core qualified and statutory immunity issues presented by this interlocutory appeal. *See Plumhoff v. Rickard*, 572 U.S. ___, ___, 134 S. Ct. 2012, 2018–20 (2014); *Griesel v. Hamlin*, 963 F.2d 338, 341 (11th Cir. 1992) (per curiam); *see also Keck v. Eminisor*, 104 So. 3d 359, 366 (Fla. 2012) (per curiam).

The issue on appeal is whether the evidence, taken in the light most favorable to McCroden, presents genuine issues of fact as to whether the force the Officers employed was unconstitutionally excessive and whether it was committed in bad faith or with malicious purpose or in a wanton and willful manner—as McCroden contends—or reasonable under the circumstances and in good faith, as the Officers contend. The district court concluded there were genuine issues of fact that precluded an entry of summary judgment on either the federal or state law claims.

2

We have discretion at the interlocutory review stage—though not for the purpose of any later appeal—to accept the district court's findings of fact. *See Cottrell v. Caldwell*, 85 F.3d 1480, 1486 & n.3 (11th Cir. 1996) ("In exercising our interlocutory review jurisdiction in qualified immunity cases, we are not required to make our own determination of the facts for summary judgment purposes; we have discretion to accept the district court's findings, if they are adequate."). We exercise that discretion here and accept as true the district court's determination that sufficient evidence exists to permit a jury to find that the arm-bar takedown was an objectively unreasonable use of force in relation to McCroden's non-aggressive, compliant behavior. We also accept the district court's finding that the Officers may have acted in bad faith, with malicious purpose, or in a wanton and willful manner when they tackled McCroden, given the extent of the force applied and McCroden's resultant injuries.

Under those assumed facts, summary judgment was properly denied because it is clearly established law in this circuit that "a police officer violates the Fourth Amendment, and is denied qualified immunity, if he or she uses gratuitous and excessive force against a suspect who is under control, not resisting, and obeying commands." *Saunders v. Duke*, 766 F.3d 1262, 1265 (11th Cir. 2014). Additionally, the district court properly denied summary judgment on the state law battery claim because, under Florida law, an officer is not entitled to statutory

3

immunity if he "acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." Fla. Stat. § 768.28(9)(a). Accordingly, the district court properly denied the Officers qualified and statutory immunity at the summary judgment stage.

**AFFIRMED.**